Powell, J.
The plaintiff in this case is the widow of James A. D. Richards, late of this *423 county, and is one of the legatees named in his will. The defendant Frances A. Parsons is the daughter of said decedent, and his only child, to whom he devised and bequeathed the entire residue of his estate after making a special provision in his will for the plaintiff, his widow. The defendant Kinsey is the administrator with the will annexed of said decedent, and files answer herein.
The plaintiff for a cause of action seeks to.have a trust declared in her favor in the entire estate, real and personal, of which the said testator died seized; and in her amended petition, on which the case was tried, sets out in great detail the claims she makes with reference thereto, and describes the property, real and personal, to which she avers such trust attaches.
■With the evidentiary matter set out in the amended petition eliminated, it presents but a single issue or question of fact for the adjudication of the court, and that issue is whether or not there was a financial trust relationship existing between the plaintiff and her said husband during almost the whole of their married life, and still existing at the time of his death, in which the said decedent was the trustee and the plaintiff was the beneficiary or cestui que trust. If this issue should be resolved in the affirmative, then there would arise other questions, incidental thereto, relating to the terms, conditions and extent of such trust, and the amount of all of the property to which such trust attaches.
Each of the defendants filed an answer in which certain admissions of fact are made as well as a general denial of all the other averments in the *424 petition, the first defense being in legal effect a general denial of the material averments of the petition. For a second defense, the bar of the statute of limitations' is interposed. A reply was filed by the plaintiff to each of said answers, denying some matters set out therein, and denying also that the action of plaintiff as set out in her amended petition is barred by the statute of limitations. Upon the issues thus joined the case was tried in the court of common pleas, resulting in a finding and judgment in that court for the plaintiff in the sum of $2500. From this finding and judgment an appeal was taken to the court of appeals for this county, where the case was sent to a referee with instructions to hear the testimony, have the same reduced to writing and report' it together with his findings of fact and conclusions of law to this court for judgment. The referee, upon a hearing had by him, found in favor of the defendants, and found that no such trust relationship existed as was set out and alleged in the amended petition. The case is now before us on motion of the plaintiff to set aside the report of the referee, and for judgment on the testimony offered; and also on motion of defendants to confirm the report of the referee.
The record, in brief, discloses that shortly after the marriage of plaintiff and the said James A. D. Richards she studied medicine and was admitted to practice, and that she was a practicing physician for many years prior to the death of her said husband; that she acquired a large and lucrative practice from which she secured a good income; that a large amount of the money so earned by her *425 was placed in a common or joint fund with the money of her husband, or was expended by her in the payment of household expenses.
Plaintiff’s claim is that there was an understanding or agreement between her and her husband that whatever property they had or acquired after she became a practicing physician was the joint property of both in equal shares, notwithstanding the title to the same was taken in the name of her husband. It is contended by her that, for reasons that appeared to her satisfactory, the title of all the real estate acquired, although paid for with their joint funds, was placed in the name of her husband to avoid suits for malpractice which might be brought by unscrupulous or designing patients, although it was understood and agreed between her and her husband, that she was the real owner of the one-half of all such property.
First, as to the real estate described in the petition, standing in the name of James A. D. .Richards at the time of his death. It is held in Russell et al. v. Bruer et al., 64 Ohio St., 1, that:
“A trust engrafted on an absolute deed may be shown by parol evidence; but the declaration of such trust must be contemporaneous with the deed, and the evidence beyond a reasonable doubt as to the existence of the trust, and must be clear, certain, and conclusive as to its terms and conditions.” See, also, Boughman v. Boughman, 69 Ohio St, 273.
If this rule is applicable to the case under consideration, no trust would attach to any of the real estate described in the petition. The evi *426 dence in the case, which we have carefully exam- ' ined, does' not show any declaration of trust at the time any of the deeds were made to the said James A. D. Richards, nor are the terms and conditions • of any such trust shown by the evidence, nor is the evidence of the existence of a trust of that degree of certainty required by this rule. Neither does the record show any evidence of. fraud on the part of said decedent in the purchase of any part of said real estate that would justify the finding by a court that said decedent’ was the agent or trustee of his wife in the procurement of such real estate; in other words, there was no direction on the part of the plaintiff that any money which she acquired in her own right' was given to her husband with instructions to invest the same in her name. So far as the prayer of the petition asks for a decree of a share of the real estate described therein, it will have to be denied because not sustained by such evidence as is required by law.
A different rule, however, prevails as to a trust in personal property, and the owner thereof can impress it with a trust by means and acts that would be wholly insufficient to impress a trust upon the title to land. (Bruer et al. v. Johnson et al., 64 Ohio St., 7.) In Stickney v. Stickney, 131 U. S., 227, by the supreme court of the United States, under the laws of the. District of Columbia relating to the property rights of married women, which are practically the same as the, statutes of this state relating to the same subject,' it is said, at page 238:
*427 “Whenever a husband acquires possession of the separate property of his. wife, whether with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him. * * * It is impossible for us to declare that the mere possession of it by the husband is proof that the title has passed from the wife to him. After it has been shown, * * * that the property accrued to the wife by descent from her father’s and brother’s estates, the presumption necessarily is that it continued hers. In such case it lies upon one who asserts it to be the propert}'- of the husband to prove a transmission of the title, either by gift or contract for value.”
These- rules apply to personal property, or to cases where the wife’s money has been turned over to the husband with directions to invest it in the wife’s name, but which the husband has failed to do, or has invested in his own name. In such case the fraud of the husband in not following the directions of the wife is the basis of the trust. A familiar example of the latter class of cases is the case of Newton v. Taylor, 32 Ohio St., 399.
Money -once earned by the wife for professional services, or otherwise acquired by her, as between her and her husband, remains her separate property unless a gift be proved, or that the title has been transmitted from her to him by contract for value received. Bechtol v. Ewing, Admr., 89 Ohio St., 53.
This rule is in contravention of the rules of the common law. There is now no such thing known *428 to the law of Ohio as a “reduction to possession” of the estate of the wife by the husband. Her individual property at marriage remains her property until disposed of by her by gift or otherwise. The statutes have made this change. Such money of plaintiff as the proof shows went into the hands of her husband for his own use and was invested by him in his own name, can be recovered by her. This relates especially to the principal sum and not to her daily income otherwise used. Such parts of her daily income as she saw fit to use in the payment of household expenses without any agreement between her and her husband that the same should be repaid, cannot be recovered from her husband’s estate. (Courtright v. Courtright, 53 Ia., 57, and Darnaby v. Darnaby’s Assignee, 14 Bush [Ky.], 485.) And this is true even though it is statutory that “the husband is the head of the family” and “must support himself, his wife, and his minor children out of his property or by his labor.” Sections 7995 to 8004, General Code.
The question then comes, What does the record show in this case as to money or other personal property of the plaintiff having been advanced by her to her deceased husband, and invested by him in real estate in his own name, or otherwise used by him? The record shows that plaintiff for part of her married life had a bank account of her own created by her out of her own separate means, and which she would have had the legal right' to keep in her own name, except in circumstances not shown to exist in this case. From this account she paid by checks for the benefit of her husband, or for property the title to which was taken in *429 his, name, the sum of $2254.74. This money went into and became a part of his estate and should be accounted for by his estate to her. She should receive this amount and ■ something more than this, for it seems clear to the court that this much and more was received by him from her. This is proved by a large number of diaries kept by him during his lifetime, in which were entered in large part the receipts of money by him from her. How much more the amount should be, the court cannot say with exactness, for much of the testimony offered and many of the exhibits are valueless as evidence; but we have concluded from the whole evidence that the sum of $2500 is as nearly right as can be worked out from the testimony adduced. It follows from this that the finding of the referee that no trust relationship existed will be set aside and judgment given the plaintiff in the sum of $2500, to be paid out of the assets of the estate of said decedent remaining unadministered in the hands of the defendant, Kinsey, as such administrator. The costs of this proceeding will be adjudged against the administrator, and the case will be remanded to the court of common pleas to carry this finding and judgment into execution.

Judgment for'plaintiff.

Shields and Houck, JJ,, concur,